

U.S. Department of Justice

United States Attorney
District of Maryland
Northern Division

Rod J. Rosenstein
United States Attorney

Judson T. Mihok
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4903
MAIN: 410-209-4800
FAX: 410-962-3091
TTY/TDD: 410-962-4462
Judson.Mihok@usdoj.gov

June 23, 2010

Joseph I. Tivvis, Jr.
One North Charles Street, Suite 1215
Baltimore, Maryland 21201

    Re:    United States v. Clifford Anthony Clarkson
              Criminal No. CCB 10-094

Dear Mr. Tivvis:

    This letter confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by June 25, 2010, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offenses of Conviction

    1.    The Defendant agrees to plead guilty to Counts Two and Four of the Indictment now pending against him, which charge him with Receiving Material Shipped and Transported in Interstate and Foreign Commerce Depicting Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2) (Count Two) and Felon in Possession of a Firearm (Count Four). The Defendant admits that he is, in fact, guilty of those offenses and will so advise the Court.

### Elements of the Offense

    2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial, are as follows:

July 2009

Letter to Mr. Tivvis
June 23, 2010
Page 2

### Count Two-Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct

    a.    That on or about and between July 4, 2008, and July 5, 2009, in Maryland, the Defendant knowingly received a visual depiction, that is a computer file, including, but not limited to, a file with the title "(Unverified) (Pthc) Shocking 6Yo Fuk With Sound.mpg" on a Dell Latitude D600 laptop computer, s/n 3RGD351, with accompanying Fujitsu hard disk drive s/n NPODT552NSHP, and on a Seagate FreeAgent Desk "500 GB" USB hard drive, s/n 2GEVT9B8;

    b.    That said visual depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

    c.    That the production of said visual depiction involved the use of a minor engaging in sexually explicit conduct;

    d.    That said visual depiction is of a minor engaged in sexually explicit conduct; and

    e.    That the Defendant knew that at least one of the individuals in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

### Count Four-Felon in Possession of a Firearm

    a.    The Defendant had been convicted, in any court, of a crime punishable by imprisonment for a term exceeding one year and the state had not restored the Defendant's civil rights following that conviction;

    b.    The Defendant knowingly possessed the firearm, to wit: a .22 Long Rifle caliber Herbert Schmidt revolver, s/n 361869 on or about October 27, 2009; and

    c.    The possession was in or affecting interstate commerce.

### Penalties

    3.    a.    The maximum sentence provided by statute for the offense of Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct (Count Two) is as follows: imprisonment for not less than five (5) years and not more than twenty (20) years, followed by a term of supervised release of not more than life and a fine of $250,000. The maximum sentence for Felon in Possession of a Firearm (Count Four) is as follows: a maximum

July 2009

Letter to Mr. Tivvis
June 23, 2010
Page 3

of ten (10) years of incarceration, up to three (3) years of supervised release, and a fine of up to $250,000. In addition, the Defendant must pay $100 as a special assessment for each offense to which he is pleading guilty pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

       b.    The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

<u>Waiver of Rights</u>

       4.    The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

       a.    If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

       b.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

Letter to Mr. Tivvis
June 23, 2010
Page 4

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

<u>Advisory Sentencing Guidelines Apply</u>

    5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

    6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts as set forth in Attachment A hereto which would be proved beyond a reasonable doubt and

Letter to Mr. Tivvis
June 23, 2010
Page 5

to the following applicable sentencing guidelines factors:

Counts Two and Four do not group and must be determined independently.

<u>Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct</u>

      a.      The base offense level is twenty-two (22) pursuant to U.S.S.G § 2G2.2(a)(2).

      b.      Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the offense involved a prepubescent minor.

      c.      Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the offense involved the use of a computer.

      d.      Pursuant to U.S.S.G. § 2G2.2(b)(7)(B), there is a five (5) level increase because the offense involved 600 or more images of child pornography.

      e.      Thus the total offense level for Count Two is **31**.

<u>Felon in Possession of a Firearm</u>

      a.      The offense level is twenty (20) pursuant to U.S.S.G. §2K2.1(a)(4)(A).

<u>Combined Offense Level</u>

      a.      The Sentencing Guidelines at U.S.S.G. § 3D1.4 disregard any Group that is 9 or more levels less serious than the Group with the highest offense level. The offense level for felon in possession of a firearm is 20 is 9 or more levels less serious than the offense level for receipt of child pornography. Thus, there is no further increase and the offense level is 31.

      b.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about his involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to

Letter to Mr. Tivvis
June 23, 2010
Page 6

sentencing; (vi) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (vii) attempts to withdraw his plea of guilty.

    c.  Thus the combined adjusted offense level is **28.**

    7.  The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

    8.  This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct. Should the defendant choose to file a sentencing memorandum in this matter, the defendant agrees to file any such memorandum ten business days prior to the date of sentencing.

<u>Plea Terms Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)</u>

    9.  The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of 72 months of incarceration, to be followed by lifetime supervised release, is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). If the Court accepts the terms of this plea agreement, the government will move to dismiss all remaining counts at sentencing.

<u>Waiver of Appeal (Rule 11(c)(1)(C)</u>

    10(a).  The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal his conviction. Both the Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal a sentence of 72 months imprisonment and a term of lifetime supervised release, as well as an order of forfeiture, agreed to in this case as well as whatever fine or order of restitution that may be imposed and any issues that relate to the establishment of the advisory guidelines range. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency. The Defendant further waives any and all motions, defenses, probable cause determinations,

Letter to Mr. Tivvis
June 23, 2010
Page 7

objections which defendant could assert to the indictment or to the Court's entry of judgment against the Defendant, imposition of sentence upon the Defendant consistent with this agreement, and any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255. If Defendant files a notice of appeal, notwithstanding this agreement, Defendant agrees that this case shall be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

(b) The Defendant may withdraw from the agreement if the Court wishes to impose a sentence in excess of 72 months and the government may withdraw if the Court wishes to impose a sentence below 72 months and/or the sentence does not include supervised release for life. In the event that the Court rejects the plea, but neither side wishes to withdraw from the agreement, then nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), and appealing from any decision thereunder, should a sentence be imposed that is illegal or that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision.

(c) If the Defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the Defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the Defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

## Court Not a Party

11. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will

Letter to Mr. Tivvis
June 23, 2010
Page 8

receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Forfeiture

12. The defendant understands that the court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense. Specifically, the court will order the forfeiture of any property used to commit or to facilitate the commission of the offense, including but not limited to the following: a Dell Latitude D600 laptop computer, s/n 3RGD351, with accompanying Fujitsu hard disk drive, s/n NPODT552NSHP and a Seagate FreeAgent Desk "500 GB" USB hard drive, s/n 2GEVT9B8, seized from the defendant's residence and held in custody of U.S. Immigration and Customs Enforcement; is forfeitable to the United States pursuant to Title 18, United States Code, Section 2253; in addition, as a result of the offense alleged in Count Four of this indictment, the defendant shall forfeit to the United States the firearm identified in the indictment and involved in that offense pursuant to Title 18, United States Code, Section 924(d). The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

### Assisting the Government with Regard to the Forfeiture

13. The defendant agrees to assist fully in the forfeiture of the foregoing assets. The defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding.

### Waiver of Further Review of Forfeiture

14. The defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

Letter to Mr. Tivvis
June 23, 2010
Page 9

### Entire Agreement

15.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Addendum, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and addendum and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Judson Mihok
Assistant United States Attorney

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

6-24-10
_____
Date

_____
Clifford Anthony Clarkson

I am Clifford Anthony Clarkson's attorney. I have carefully reviewed every part of this agreement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

6-24-10
_____
Date

_____
Joseph I. Tivvis, Jr., Esquire